**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| In re: YAHOO! INC. CUSTOMER DATA SECURITY BREACH LITIGATION, | No. 20-16633 |
| | D.C. No. 5:16-md-02752-LHK |
| RONALD SCHWARTZ; et al., | MEMORANDUM[*] |
| Plaintiffs-Appellees, | |
| AARON MILLER, | |
| Objector-Appellant, | |
| v. | |
| YAHOO! INC.; AABACO SMALL BUSINESS, LLC, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Argued and Submitted February 16, 2022
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  GOULD and RAWLINSON, Circuit Judges, and ZIPPS,[**] District Judge.

This appeal stems from a class action complaint alleging that Yahoo! Inc. and Aabaco Small Business, LLC (collectively, Yahoo) failed to employ sufficient security measures to protect class members' personal information, resulting in multiple data breaches.  The data breach impacted approximately 194 million users.

The parties reached a settlement agreement, which included the provision of credit monitoring services, to be administered by AllClear ID.  Objector Aaron Miller (Miller) challenged these services, arguing, in relevant part, that:  AllClear ID is ineffective because it is the subject of numerous consumer complaints, and the Attorneys' fees award should be reduced to reflect the actual (lesser) value of the settlement.  The district court overruled Miller's objections.  Miller timely appealed.

Miller argues that:  (1) the district court failed to analyze prior complaints against AllClear ID using the appropriate "Higher Standard of Fairness" analysis; and (2) "the attorneys' fees awarded should be reduced proportionately to the value

[**]     The Honorable Jennifer G. Zipps, United States District Judge for the District of Arizona, sitting by designation.

of the settlement" in light of the limited (true) value amount of the credit monitoring services.

A district court may, in its discretion, approve a class action settlement that is "fair, reasonable, and adequate." *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, 895 F.3d 597, 606 (9th Cir. 2018) (citation omitted). "Appellate review of the district court's fairness determination is extremely limited, and we will set aside that determination only upon a strong showing that the district court's decision was a clear abuse of discretion." *Lane v. Facebook, Inc.*, 696 F.3d 811, 818 (9th Cir. 2012) (citation and internal quotation marks omitted).

**1.** Miller's assertion that AllClear ID was ineffective as a credit monitoring service did not render the settlement inadequate. We have held that "a district court's only role in reviewing the substance of [a] settlement is to ensure that it is fair, adequate, and free from collusion." *Id*. at 819 (citation and internal quotation marks omitted). The district court's recognition that AllClear ID possessed an A+ rating from the Better Business Bureau, maintained a 96% customer satisfaction rating, had a 100% success rate in resolving financial identity theft cases, and supplied credit monitoring to over two million individuals around the world supported the court's approval of the settlement. *See id.*

Miller's reliance on the purported inadequacy of AllClear ID's credit monitoring services also ignores the alternative remedy of cash payouts to individuals who already have credit monitoring or identity protection, who have demonstrated out-of-pocket losses, including loss of time, or who paid for Aabaco Small Business services and Yahoo Mail services.

2. Miller contends that the value of the credit monitoring services disproportionately increased the attorneys' fees award, and urges us to remand this case to the district court to determine whether the actual value of the credit monitoring services adequately supports an award of attorneys' fees to class counsel. The district court addressed Miller's concern by agreeing that "the retail value of the [c]redit [s]ervices should not inflate the Settlement Fund for the purposes of the attorneys' fee analysis." However, the court noted that "most of the Settlement Class Members have opted for Alternative Compensation" and "declined to treat the Settlement Fund as larger because of the alleged surplus value created by Yahoo's lump sum purchase of the Credit Services." Under these circumstances, Miller failed to demonstrate that the district court's assessment lacked fairness, was inadequate, or resulted in collusion among the parties. *See id.*

**AFFIRMED.**

4